IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH TAPIA,

          Plaintiff,
vs.                                              CIVIL NO. 07-27 LH/LFG

RIO ARRIBA COUNTY, RIO ARRIBA
COUNTY COMMISSIONERS, MOISES
MORALES, ELIAS CORRIZ, ANDREW
CHAVEZ and JOE MONDRAGON,

          Defendants.

## **RECOMMENDATION OF DISMISSAL WITH PREJUDICE**[1]

THIS MATTER is before the Court following issuance of an order directing Plaintiff Joseph Tapia ("Tapia") to answer all interrogatories and produce all documents previously sought in formal discovery [December 14, 2007, Doc. 32]. The Court required Tapia to answer interrogatories and produce the documents within ten days of the date of the order. Thus, the last day for compliance was December 24, 2007. Tapia did not file a certificate evidencing his compliance with the Court's directive. On January 2, 2008, Defendants submitted a proposed order to the Court which states that Tapia failed to comply with the Court's December 14 order.

From the outset, Tapia has disregarded his obligations under the rules of procedure and the orders and directives of the Court. Indeed, the Court's December 14, 2007 order outlines his many failings. Tapia filed a complaint and, thereafter, took no action to effect service until Defendants moved for dismissal for violation of Fed. R. Civ. P. 4(m).

---

[1] Within ten (10) days after a party is served with a copy of this recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the recommendation. If no objections are filed by January 28, 2008, no appellate review will be allowed.

Prior to the Fed. R. Civ. P. 16 scheduling conference, Tapia was to meet and confer with opposing counsel and make mandatory Rule 26 initial disclosures. He failed to make the disclosures. At the Rule 16 conference conducted by the Court, the Court learned that Tapia failed to comply with his obligations under Rule 26, as well as his obligations under D.N.M.LR-Civ. 26(d). Therefore, the Court directed compliance within ten days. Notwithstanding that directive, Tapia failed to make disclosures.

Defendants filed a Motion for Summary Judgment [Docs. 25, 26] and Tapia failed to respond.

Defendants also filed a motion to compel noting that Tapia ignored formal discovery requests. Tapia ignored Defendants' letters seeking his cooperation in discovery. The Court's December 14, 2007 order noted it appeared that Tapia abandoned this litigation, and warned that his failure to comply with the discovery order could result in imposition of sanctions, including dismissal of his case with prejudice. Notwithstanding that dire warning, Tapia failed to answer the interrogatories, failed to provide the documents and failed to certify his compliance.

With this backdrop, the Court proceeds with an analysis under Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). In Ehrenhaus v. Reynolds, the Circuit directed local courts to consider a number of factors prior to choosing dismissal as a just sanction. Those factors are: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions.

### **Degree of Prejudice to Opposing Party**

Defendants have been prejudiced in this case. From the outset, Tapia has done little to comply with his obligations under the Federal Rules of Civil Procedure, and at various junctures, this case was ripe for dismissal.

When a lawsuit is filed, it is a public record. In cases where allegations of law enforcement misconduct are levied, as they were in this case, news accounts of the claims are often published, thus, tarnishing the reputation of individuals named in the lawsuit. Moreover, given the fact that the court utilizes electronic filing, a civil lawsuit is available on the Internet to subscribers, and a defendant likely labors under a cloud of suspicion. In this case, Tapia alleges that the Defendants violated his constitutional rights, as well as provisions of the State's common law. The delay in processing this case places Defendants at a distinct disadvantage in that Defendants have no opportunity to clear their name.

Defendants promptly came before the Court seeking dismissal of the allegations asserting that facts were not in dispute and that they were entitled to judgment as a matter of law. In the face of that motion, Tapia remained silent. Yet, because the case is set on a "standard" case management track, Defendants are required to engage in discovery so as to prepare this case for trial. Defendants diligently sought information concerning any evidence that Tapia had in support of his claims. Notwithstanding Tapia's obligations to respond under the rules of civil procedure, he produced no information. Then, when Defendants were forced to file a motion to compel and to obtain the Court's order directing compliance, Tapia once again ignored his responsibilities.

The Court concludes that Defendants have been prejudiced as a result of Tapia's non-compliance.

**Interference With the Judicial Process**

The judicial process has been stymied as a result of Tapia's non-compliance. The deadline for discovery was December 27, 2007. At this juncture, Defendants still have no information to assist them in evaluating Tapia's claims or to determine whether any of the claims have merit. As a result, the Court had to intervene on more than one occasion to direct Tapia's compliance. This judicial interference would not have occurred but for Tapia's failure to comply with his obligations and with Court orders and directives.

The Court concludes that Tapia has interfered with the judicial process.

**Culpability of the Litigant**

If the failure to comply with obligations or court directives is the fault of a litigant's attorney, then the attorney is the proper person to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is where the impact of the sanction should be lodged); *see also* M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).

Here, Tapia represents himself. Thus, all failures to comply with procedural rules, discovery obligations and directives of the Court are his, and blame falls squarely on his shoulders.

The Court notes this is not a situation where a party may profess simple ignorance of his responsibilities. Tapia is law trained and was a member of the State Bar of New Mexico.[2]

The Court concludes that if sanctions are appropriate, Tapia himself should bear the sanction.

**Prior Warning of Possible Dismissal**

The Court must next determine whether it warned the party in advance that dismissal of the

---

[2]A court may take judicial notice of its own records as well as records of sister courts. United States v. Ahidley, 486 F.3d 1184, 1192 (10th Cir.), *cert. denied* 128 S. Ct. 424 (2007); Fed. R. Evid. 201. Tapia was a member of the New Mexico bar, having been admitted on October 17, 1979. He was suspended from the official roll of attorneys by the New Mexico Supreme Court on May 22, 1996, and his suspension has not been lifted. Thus, he appears not as an attorney in this case, but as a *pro se* litigant.

4

action would be a likely sanction for non-compliance.  Indeed, that express warning appears in the Court's December 14, 2007 order.  Moreover, at the Rule 16 scheduling conference, when the Court was apprised that Tapia had failed to comply with his meet-and-confer obligations, his initial disclosures, and with his disclosures under D.N.M.LR-Civ. 26(d), the Court explicitly advised the parties that non-compliance with orders and directives of the Court could result in imposition of sanctions, including dismissal of the case.

The Court concludes that Tapia was given adequate notice that non-compliance could include dismissal.  Had Tapia simply had difficulty in acquiring the information or, if circumstances beyond his control lead to the non-compliance, Tapia could have contacted the Court to request additional time within which to comply or proffered some reason or explanation why he could not comply with the Court's order.  He did neither.

The Court concludes that Tapia was given an opportunity to explain why sanctions were inappropriate.  Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458 (10th Cir. 1988).

### Efficacy of Lesser Sanctions

Here, the entire history of this case demonstrates that Tapia has little interest in pursuing his claims, meeting with his obligations under the rules of procedure, or complying with Court orders and directives.  Indeed, even in the face of the Court's stern warning that non-compliance with the discovery order could result in impositions of sanctions, including dismissal of the case, Tapia violated the Court's order.

Given his repeated failures to comply with the Court's directives and the rules of procedure, the Court has no optimism that he would comply with any future directives if given a lesser sanction and a further opportunity to litigate.

After consideration of the <u>Ehrenhaus</u> factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the District Judge with the recommendation that Tapia's lawsuit be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge